UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| BRIAN HAMILTON,<br><br>        Plaintiff,<br>  v.<br><br>CAMDEN COUNTY FREEHOLDERS;<br>DAVID OWENS, WARDEN CAMDEN<br>COUNTY CORRECTIONAL FACILITY,<br><br>        Defendants. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 16-cv-5503(JBS-AMD)<br><br>**OPINION** |

APPEARANCES:

Brian Hamilton, Plaintiff Pro Se
4119 Myrtle Ave
Camden, NJ 08109

**SIMANDLE, Chief District Judge:**

    1.   Plaintiff Brian Hamilton seeks to bring a civil rights complaint pursuant to the 42 U.S.C. § 1983 against the Camden County Freeholders ("Freeholders") and Camden County Correctional Facility ("CCCF") Warden David Owens for allegedly unconstitutional conditions of confinement in CCCF. Complaint, Docket Entry 1.

    2.   Section 1915(e)(2) requires a court to review complaints prior to service in cases in which a plaintiff is proceeding in forma pauperis. The Court must sua sponte dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief

from a defendant who is immune from such relief. This action is subject to sua sponte screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff is proceeding *in forma pauperis*.

3. For the reasons set forth below, the Court will dismiss the complaint without prejudice for failure to state a claim. 28 U.S.C. § 1915(e)(2)(b)(ii).

4. To survive sua sponte screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting Iqbal, 556 U.S. at 678). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

5. Plaintiff alleges he experienced unconstitutional conditions of confinement during his detention at the CCCF at various points between 2005 and 2015. Complaint ¶ III. He states: "I was forced due to overcrowding conditions to house in cells designed only for (2) individuals but in many cases held

2

(4). In each incident for a specific period of time I was forced to sleep on the floor atop of mattresses that contained none to minimum padding." *Id.* He asserts the Freeholders and Warden are "responsible for the compliance with the administrative code(s) regarding humane treatment of its detainees." *Id.* Even accepting the statement as true for screening purposes only, there is not enough factual support for the Court to infer a constitutional violation has occurred.

    6.   The mere fact that an individual is lodged temporarily in a cell with more persons than its intended design does not rise to the level of a constitutional violation. *See Rhodes v. Chapman*, 452 U.S. 337, 348–50 (1981) (holding double-celling by itself did not violate Eighth Amendment); *Carson v. Mulvihill*, 488 F. App'x 554, 560 (3d Cir. 2012) ("[M]ere double-bunking does not constitute punishment, because there is no 'one man, one cell principle lurking in the Due Process Clause of the Fifth Amendment.'" (quoting *Bell v. Wolfish*, 441 U.S. 520, 542 (1979))). More is needed to demonstrate that such crowded conditions, for a pretrial detainee, shocks the conscience and thus violates due process rights. *See Hubbard v. Taylor*, 538 F.3d 229, 233 (3d Cir. 2008) (noting due process analysis requires courts to consider whether the totality of the conditions "cause inmates to endure such genuine privations and hardship over an extended period of time, that the adverse

3

conditions become excessive in relation to the purposes assigned to them."). Some relevant factors are the dates and length of his confinement(s), whether he was a pretrial detainee or convicted prisoner, etc.

7. Moreover, Plaintiff has not pled sufficient facts regarding the personal liability of the Freeholders and Warden. As the governing body of Camden County, the Freeholders cannot be held liable under § 1983 solely on a theory of respondeat superior. *Monell v. N.Y.C. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978). Plaintiff must instead plead facts showing that the Freeholders are "responsible for either the affirmative proclamation of a policy or acquiescence in a well-settled custom." *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990).[1] In other words, Plaintiff must set forth facts supporting an inference that the Freeholders were the "moving force" behind the alleged constitutional violation. *Monell*, 436 U.S. at 689.

8. Plaintiff must also plead facts indicating the Warden had personal involvement in the alleged wrongdoing. Plaintiff

---

[1] "Policy is made when a decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues an official proclamation, policy, or edict. Government custom can be demonstrated by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law." *Kirkland v. DiLeo*, 581 F. App'x 111, 118 (3d Cir. 2014) (internal quotation marks and citations omitted) (alteration in original).

4

must specifically set forth what the Warden did or did not do that led to the alleged unconstitutional conditions of confinement.

9. As Plaintiff may be able to amend his complaint to address the deficiencies noted by the Court,[2] the Court shall grant Plaintiff leave to amend the complaint within 30 days of the date of this order.

10. Plaintiff should note that when an amended complaint is filed,[3] the original complaint no longer performs any function in the case and cannot be utilized to cure defects in the amended complaint, unless the relevant portion is specifically incorporated in the new complaint. 6 Wright, Miller & Kane, Federal Practice and Procedure 1476 (2d ed. 1990) (footnotes omitted). An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of

---

[2] To the extent the complaint seeks relief for conditions Plaintiff encountered prior to August 29, 2014, those claims are barred by the statute of limitations. Claims brought under § 1983 are governed by New Jersey's two-year limitations period for personal injury. *See Wilson v. Garcia*, 471 U.S. 261, 276 (1985); *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010). "Under federal law, a cause of action accrues when the plaintiff knew or should have known of the injury upon which the action is based." *Montanez v. Sec'y Pa. Dep't of Corr.*, 773 F.3d 472, 480 (3d Cir. 2014). The allegedly unconstitutional conditions of confinement at CCCF would have been immediately apparent to Plaintiff at the time of his detention; therefore, the statute of limitations for some of Plaintiff's claims expired two years after his release dates.
[3] The amended complaint shall be subject to screening prior to service.

the particular allegations to be adopted must be clear and explicit. *Id.* To avoid confusion, the safer course is to file an amended complaint that is complete in itself. *Id.*

11.  For the reasons stated above, the complaint is dismissed without prejudice for failure to state a claim. The Court will reopen the matter in the event Plaintiff files an amended complaint within the time allotted by the Court.

12.   An appropriate order follows.


**October 20, 2016**                              **s/ Jerome B. Simandle**
Date                                              JEROME B. SIMANDLE
                                                  Chief U.S. District Judge